IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.8:03CR243** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **JOSEPH SAUL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255) (Filing No. 70), Motion to Proceed In Forma Pauperis (Filing No. 71), Motion for Appointment of Counsel (Filing No. 79), and Motion for an Evidentiary Hearing (Filing No. 78).

**FACTUAL BACKGROUND**

Defendant pleaded guilty to Count I of the Indictment charging him with robbery in violation of 18 U.S.C. §§ 1153 and 2111. The Honorable Thomas M. Shanahan sentenced defendant to 110 months in the custody of the Bureau of Prisons followed by two years supervised release. Defendant did not file a direct appeal.

At the end of the sentencing hearing the Court stated

COURT:   I'm required to tell every defendant who is sentenced that he or she has a right to an appeal. . . . You can appeal from the sentence that's just been imposed upon you, in particular if you believe that that sentence is contrary to law.
Your notice of appeal must be filed within ten days of judgment imposed upon you. And if you're unable to pay the cost of an appeal, you can apply to proceed in what is called in forma pauperis. Mr. Hansen can explain that.
And if you do request, the clerk of the court will prepare and file a notice of appeal on your behalf.

(Filing No. 75 Sentencing Transcript ("Sent. T.") at 26).  After receiving this information the defendant did not state on the record that he wished to appeal and he did not direct the clerk of court to file a notice of appeal.  The Court is now faced with two versions of what happened.  Defendant states that he told his attorney that he wished to appeal his case and he failed to do so.  But defense counsel, Assistant Public Defender Michael J. Hansen, filed an affidavit with the court stating that after the sentencing hearing he met with the defendant and they discussed whether defendant wished to appeal.  (Filing No. 76 at ¶ 4).  Hansen stated that at that meeting defendant wished to appeal until Hansen "informed him that an Appellate Court would not review the extent of a downward departure on appeal and that an appeal would be fruitless because the Judge recognized his authority to depart and declined to depart to the extent requested by defendant."  (Filing No. 76 at ¶ 5).  Hansen stated after that explanation the defendant agreed that no appeal should be filed.  *Id.*

In his § 2255 motion defendant alleges three grounds for relief: (1) defendant received ineffective assistance of counsel based on defense counsel's failure to file a notice of appeal on defendant's behalf; (2) defendant's sentence of 110 months constitutes cruel and unusual punishment; and (3) defendant's sentence is unconstitutional based on *Blakely v. Washington*, 542 U.S. 961 (2004).  Upon initial review, the Government was ordered to file an Answer responding to defendant's claims.  (Filing No. 73).  The Court has reviewed the Government's Answer and supporting materials.  (Filing No. 76).

## DISCUSSION

**Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims generally require a petitioner to show both deficient performance by counsel and prejudice to the defense caused by that performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's failure to file a notice of appeal after being instructed to do so by his client, however, constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary. *See Holloway v. United States*, 960 F.2d 1348, 1356-57 (8th Cir.1992). For such a claim to succeed, however, defendant must show that he instructed his counsel to file an appeal. *Id*. at 1357. A bare assertion by the petitioner that he made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition. *Rodriguez v. United States*, 964 F.2d 840, 842 (8th Cir.1992) (per curiam).

Here, contrary to defendant's claim, at no time did he state on the record that he wished to appeal his conviction and sentence. Only the defendant's assertions support defendant's claim that he requested counsel to file an appeal and counsel failed to do so. This bare assertion is not enough to meet his burden. Defendant was instructed by the court on how and when he would need to file a Notice of Appeal and defendant has not shown that he made any effort to do so. Defense counsel filed an affidavit describing in detail the discussion between defendant and himself concerning the appeals process and what defendant could expect on appeal. Defense counsel avers that after that discussion

defendant chose not to go forward with the appeal. The Court has no reason to doubt the validity of the contents of this affidavit. Therefore, defendant's claim is denied.

**Cruel and Unusual Punishment**

Next, defendant claims that his sentence of 110 months constitutes cruel and unusual punishment. The duration of imprisonment imposed by the trial court may not be attacked in a § 2255 proceeding for its severity, however, if the sentence is within statutory limits. *United States v. Moore*, 656 F.2d 378, 379 (8th Cir. 1981); *see also Putt v. United States*, 363 F.2d 369, 370 (5th Cir.), *cert. denied*, 385 U.S. 962 (1966); *Houser v. United States*, 508 F.2d 509, 516 & n.52 (8th Cir. 1974). Here, based on Defendant's status as a career offender, his sentence fell within the statutory guidelines. Therefore, his claim is denied.

***Alleged* Blakely *and* Booker *Errors***

Finally, to the extent that defendant's arguments are based on *Booker,* decided on January 12, 2005, the claims are denied because his conviction was final before the *Booker* decision was announced. *Never Misses A Shot v. United States,* 413 F.3d 781, 783 (8th Cir. 2005).

THEREFORE, IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 70) is denied with prejudice;

2. The Defendant's Motion to Proceed In Forma Pauperis (Filing No. 71) is denied as moot;

3. The Defendant's Motion to Appoint Counsel (Filing No. 79) is denied;

  4.       The Defendant's Motion for an Evidentiary Hearing (Filing No. 78) is denied;

  5.       A separate judgment of dismissal with prejudice will be filed in accordance with this Memorandum and Order; and

  6.       The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last-known address.

DATED this 30th day of November, 2005.

                            BY THE COURT:

                            s/Laurie Smith Camp
                            United States District Judge