IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:03CR243** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| **JOSEPH SAUL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" filed by the Defendant, Joseph Saul. (Filing No. 70.)

**FACTUAL BACKGROUND**

Saul pled guilty to Count I of the Indictment charging him with robbery, or aiding and abetting a robbery, on an Indian reservation in violation of 18 U.S.C. §§ 1153, 2111, and 2. At sentencing, Saul moved for a downward departure based on the contention that his criminal history score overrepresented the extent of his criminal history. The Honorable Thomas M. Shanahan granted the downward departure as to Saul's criminal history category but did not depart vertically by lowering Saul's base offense level. (Filing No. 75, at 13-14.) Judge Shanahan acknowledged that even if he had the authority to depart vertically he would not do so because he did not believe that such a departure was warranted. (Filing No. 75, at 14.) Judge Shanahan sentenced Saul to 110 months in the custody of the Bureau of Prisons followed by two years of supervised release. (Filing No. 62.) Saul did not file a direct appeal.

On December 10, 2004, Saul filed a § 2255 motion alleging three grounds for relief: (1) Saul received ineffective assistance of counsel based on defense counsel's failure to

file a notice of appeal on his behalf; (2) Saul's sentence of 110 months constitutes cruel and unusual punishment; and (3) Saul's sentence is unconstitutional based on *Blakely v. Washington*, 542 U.S. 961 (2004).  (Filing No. 70.)  On November 30, 2005, this court issued an Order denying Saul's § 2255 motion on all grounds.  (Filing No. 104.)  The Eighth Circuit remanded the matter to this court, ordering that a hearing be held on Saul's claim that he received ineffective assistance of counsel based on defense counsel's alleged failure to file a notice of appeal on Saul's behalf.  (Filing No. 119.)

An evidentiary hearing was held on October 23, 2006.  (Filing No. 134.)  At the hearing, Saul's trial counsel, Assistant Federal Public Defender Michael Hansen, testified that he represented Saul during the proceedings.  Hansen testified that after sentencing Saul stated in the courtroom that he wanted to appeal his sentence.  As a result, Hansen met with Saul immediately after the sentencing proceedings and discussed Saul's desire to appeal.  Hansen explained to Saul that because Judge Shanahan acknowledged that he had the authority to grant the requested downward departure, but was exercising his authority not to depart, the Eighth Circuit could not review that decision.  Hansen further explained that the Eighth Circuit could review Judge Shanahan's decision to *grant* the downward departure based on the Saul's criminal history category.  Accordingly, Hansen advised Saul against appealing the sentence as Saul could receive an increased sentence if the Eighth Circuit reversed the District Court's decision on the motion for downward departure.  Hansen testified that at the end of this meeting Saul stated that he did not want to appeal his sentence.  Furthermore, Hansen testified that at no time within the ten days after entry of Judgment was he contacted by Saul or any relative of Saul indicating that Saul had reconsidered his decision not to appeal.

At the evidentiary hearing, Saul did not provide any evidence to contradict Hansen's testimony.

## DISCUSSION

The issue before this court is whether Hansen failed to file a notice of appeal after being instructed to do so by Saul. The failure of an attorney to file an appeal "after being instructed to do so . . . constitutes ineffective assistance" even without a showing of prejudice or likely success on appeal as required for other § 2255 petitions. *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000).

Rather than disputing the facts presented at the evidentiary hearing, Saul argues that, based on Federal Rule of Appellate Procedure 42(a), after Saul stated in the courtroom that he wished to appeal, Hansen was required to file a notice of appeal unless Hansen was instructed otherwise by Saul in writing. Rule 42(a) governs the voluntary dismissal of an appeal filed in the district court but not yet docketed by the Court of Appeals. Here, a notice of appeal was not filed with this court. Prior to a party actually filing a notice of appeal, an attorney is not required to obtain a written waiver from a defendant who indicates that he has changed his mind and does not wish to appeal his case. In *United States v. Robinson*, 171 Fed. Appx. 536 (8th Cir. 2006) Robinson expressed a desire to appeal, but his attorney told him that he had already received the best possible outcome and that there was no basis for an appeal. Robinson said nothing then or afterwards to disagree or express the desire to appeal. The Eighth Circuit concluded that under those circumstances the district court did not err by dismissing

Robinson's § 2255 petition or by finding that Robinson had not communicated a request to appeal. *Id.* at 538.

As in *Robinson*, the uncontroverted facts in this case show that, after Saul expressed a desire to appeal, Hansen advised Saul against filing an appeal, and Saul agreed and informed Hansen that he did not wish to appeal. Under these circumstances, the Court concludes that Saul did not communicate a request to appeal to Hansen within ten days after entry of Judgment. Therefore, Saul's motion is denied.

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 70) is denied with prejudice;

2. A separate judgment of dismissal with prejudice will be filed in accordance with this Memorandum and Order; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last-known address.

DATED this 3rd day of November, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge